UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| WHISPERING BROOK CONDOMINIUM ASSOCIATION, a Washington Non-Profit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania Corporation; and DOE INSURANCE COMPANIES 1-10,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES<br><br>JURY DEMAND |

The Whispering Brook Condominium Association (the "Association") alleges as follows:

### I.     INTRODUCTION

1.1   This is an action for declaratory judgment (including money damages), breach of contract, bad faith, Consumer Protection Act ("CPA") violations, Insurance Fair Conduct Act ("IFCA") violations, and money damages seeking:

   (A)   A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under Philadelphia Indemnity Insurance Company's ("Philadelphia") policies issued to the Association. The Association is seeking a ruling that each of Philadelphia's policies provide coverage for hidden damage at the Whispering Brook Condominium complex and that

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES - 1

STEIN, SUDWEEKS & STEIN, PLLC
2701 First Ave., Suite 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

Philadelphia is liable for money damages for the cost of repairing hidden damage at the Whispering Brook Condominium complex.

(B) Attorneys' fees (including expert witness fees) and costs.

(C) Money damages for the cost of repairing covered damage, bad faith, breach of contract, and violations of both the CPA and the IFCA.

(D) Any other relief the Court deems just and equitable.

## II.   PARTIES AND INSURANCE CONTRACTS

2.1   <u>The Association</u>. The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Des Moines, Washington. The Association has the duty to maintain the common elements and any limited common elements of the Whispering Brooks Condominium complex located at 23401, 23405, 23407, 23417, 23421, and 23453 16th Ave S, Des Moines, Washington 98198.  The Association consists of four (4) buildings comprising 60 residential units and separate single-story structure.

2.2   <u>Philadelphia</u>. Philadelphia Indemnity Insurance Company ("Philadelphia") is domiciled in Pennsylvania with its principal place of business in Bala Cynwyd, Pennsylvania.  Philadelphia issued insurance policies to the Association including but not limited to Policy Nos. PHPK702889 (in effect from at least March 24, 2011 to March 24 2012) and PHPK843562 (in effect from March 24, 2012 – March 24, 2013). The Association is seeking coverage against all Philadelphia policies issued to the Association.

2.3   <u>Doe Insurance Companies 1–10.</u>  Doe Insurance Companies 1–10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Whispering Brook Condominium complex as covered property.

2.4   <u>Whispering Brook Insurers</u>.  Philadelphia and Doe Insurance Companies 1–10 shall be collectively referred to as the "Whispering Brook Insurers."

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES - 2

STEIN, SUDWEEKS & STEIN, PLLC
2701 First Ave., Suite 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

2.5     <u>Whispering Brook Policies</u>. The policies issued to the Association by the Whispering Brook Insurers shall be collectively referred to as the "Whispering Brook Policies."

### III.     JURISDICTION AND VENUE

3.1     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

3.2     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as the Whispering Brook Insurers marketed and sold insurance to the Association in King County; a substantial part of the events giving rise to the claim, including the breach of contract, occurred in King County; and the insured condominium building is located in King County.

### IV.     FACTS

4.1     <u>Incorporation by Reference</u>. The Association re-alleges the allegations of paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2     <u>Tender to Whispering Brook Insurers</u>.  On May 3, 2019, the Association tendered its claim to Philadelphia for hidden recently discovered at the Whispering Brook Condominium complex.

4.4     <u>Joint Intrusive Investigation.</u>  The Association hired an investigative firm, Evolution Architects ("Evolution"), to investigate the extent of damage at the Whispering Brook Condominium complex. Subsequent to the claims tender, Evolution in conjunction with Philadelphia's consultants performed a Joint Intrusive Investigation at the Whispering Brook Condominium complex. This investigation revealed extensive hidden damage to exterior sheathing and framing throughout the property attributable to long term, incremental and progressive water damage. According to the Association's experts, the cost to repair the hidden damage at the Whispering Brook Condominium complex exceeds the jurisdictional limit of $75,000.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES - 3

STEIN, SUDWEEKS & STEIN, PLLC
2701 First Ave., Suite 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

4.5     Philadelphia's Denial of the Association's Claim.  On August 20, 2020 Philadelphia sent the Association a letter stating it was denying coverage. On December 7, 2020, Philadelphia sent a letter reiterating its denial of coverage for the Association's insurance claim.

4.6     IFCA Letter to Philadelphia. In compliance with the IFCA, the Association provided written notice to Philadelphia and the Washington State Office of the Insurance Commissioner that explained why Philadelphia's coverage denial was unreasonable. Philadelphia refused to cure its unreasonable denial of coverage.

### V.     FIRST CLAIM AGAINST THE WHISPERING BROOK INSURERS: DECLARATORY RELIEF THAT THE WHISPERING BROOK POLICIES PROVIDE COVERAGE

5.1     Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 4.6, above, as if fully set forth herein.

5.2     Declaratory Relief. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

(A)     The Whispering Brook Policies cover the hidden damage to exterior building components including but not limited to exterior sheathing and framing at the Whispering Brook Condominium complex.

(B)     No exclusions, conditions, or limitations bar coverage under the Whispering Brook Policies.

(C)     The loss or damage to Whispering Brook Condominium complex was incremental and progressive.  New damage commenced during each year of the Whispering Brook Policies.

(D)     As a result, the Whispering Brook Policies cover the cost of investigating and repairing the hidden damage to exterior building components including but not limited to exterior sheathing and framing at the Whispering Brook Condominium complex.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES - 4

## VI.     SECOND CLAIM: AGAINST PHILADELPHIA FOR BREACH OF CONTRACT

6.1     <u>Incorporation.</u>  The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2     Philadelphia has contractual duties under the terms of its policy and/or policies to pay the cost of investigating and repairing the covered damage to the Whispering Brook Condominium complex.

6.3     Philadelphia breached its contractual duties by wrongfully denying coverage on in August 20, 2020 and reiterating its denial of coverage on December 7, 2020, Philadelphia breached its contractual duties by failing to pay the cost of repairing the covered damage to the Whispering Brook Condominium complex.

6.4     As a direct and proximate result of Philadelphia's breach of its contractual duties the Association has been damaged in an amount to be proven at trial.

6.5     <u>Additional Damages</u>. As a direct and proximate result of Philadelphia's breach of its contractual duties, the Association has been forced to incur attorneys' fees, expert costs, investigation costs and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

## VII.     THIRD CLAIM: AGAINST PHILADELPHIA FOR INSURANCE BAD FAITH

7.1     <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 6.5, above, as if fully set forth herein.

7.2     The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interest and its own interest and must not engage in any action that demonstrates a greater concern for its own financial interest than its insured's financial risk. An insurer who does not deal fairly with its insurer, or who does not give equal consideration to its insured's interest, fails to act in good faith.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES - 5

STEIN, SUDWEEKS & STEIN, PLLC
2701 First Ave., Suite 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

7.3     The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim. An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having a reasonable justification, fails to act in good faith.

7.4     Philadelphia had a duty to investigate, evaluate, and decide the Association's claim in good faith. Philadelphia breached its duty by unreasonably investigating, evaluating, and/or denying the claim by, among other things: (1) failing to acknowledge that weather conditions such as rain or wind-driven rain were one of the causes of the hidden damage at the Whispering Brook Condominium complex; (2) failing to acknowledge that weather conditions such as rain and wind-driven rain are covered causes of loss under its policy(s); (3) failing to acknowledge that there is coverage under its policy(s) when damage results from a concurrent combination of rain and bad construction or wear and tear; and (4) failing to define terms in the Philadelphia policy pursuant to the plain meaning of the terms. In addition, Philadelphia unreasonably delayed in coming to a coverage determination.

7.5     A violation, if any, of one or more of the Washington claim handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract. Philadelphia's conduct violated Washington claim handling standards:

- Which require it to fully disclose all pertinent coverages.
- Which prohibit misrepresentations regarding relevant facts (e.g. the cause of damages) or coverage.
- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES - 6

STEIN, SUDWEEKS & STEIN, PLLC
2701 First Ave., Suite 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

- Which require Philadelphia to provide a reasonable explanation of the relevant facts, law, and policy language and how its policy language supported a denial of the Association's claim.
- Which require Philadelphia to adopt and implement reasonable standards for the prompt investigation of claims.

7.6     Philadelphia's actions and omissions, including but not limited to its denial of coverage, were unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of Philadelphia's duty of good faith. As a direct and proximate result of the breaches, the Association has been damaged in an amount to be proven at trial.

### VIII.   FOURTH CLAIM: AGAINST PHILADELPHIA FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

8.1     <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 7.6, above, as if fully set forth herein.

8.2     Violations of claims handling standards provided under the WAC are per se CPA violations. On information and belief, the conduct of Philadelphia was deceptive, impacted the public, and had the capacity to deceive. The Association is a consumer. As a direct and proximate result of Philadelphia's violations, the Association has been damaged in an amount to be proven at trial. The Association is entitled to damages, CPA penalties of up to $25,000.00 per violation, and attorneys' fees under the CPA.

### IX.    FIFTH CLAIM: AGAINST PHILADELPHIA FOR VIOLATIONS OF THE INSURANCE FAIR CONDUCT ACT

9.1     <u>Incorporation by Reference.</u>  The Association re-alleges and incorporates by reference Paragraphs 1.1 through 8.2, above, as if fully set forth herein.

9.2     The Association is a first party claimant asserting a right to payment as a covered person under an insurance policy or insurance contract arising out of the occurrence of a contingency or loss covered by such a policy. Philadelphia's denial of the Association's claim was unreasonable.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES - 7

STEIN, SUDWEEKS & STEIN, PLLC
2701 First Ave., Suite 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

The Association provided written pursuant to RCW 48.30.015(8) to Philadelphia and the Insurance Commissioner's Office of its IFCA cause of action and explained in detail why Philadelphia's coverage denial was unreasonable. Philadelphia failed to resolve the basis for the Association's IFCA claim within twenty (20) days of the Association's notice.

9.3     The Association has been injured by Philadelphia's failure to change its unreasonable denial of coverage. The Association is entitled to attorneys' fees and a discretionary award of enhanced damages that "increases the total award of damages to an amount not to exceed three times the actual damage."

## X.     PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

10.1    <u>Declaratory Judgment Regarding Coverage</u>.  A declaratory judgment that the Whispering Brook Policies provide coverage as described herein.

10.2    <u>Money Damages.</u>  For money damages against each of the Whispering Brook Insurers for the cost of investigating and repairing hidden damage at the Whispering Brook Condominium complex in an amount to be proven at trial, as well as money damages against Philadelphia for breach of the duty of good faith in an amount to be proven at trial.

10.3    <u>Attorneys' Fees and Costs of Suit</u>.  For reasonable attorneys' fees (including expert fees). *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

10.4    <u>CPA Penalties.</u>  For CPA penalties against Philadelphia of up to $25,000 per violation.

10.5    <u>Enhanced IFCA Damages.</u>  For a discretionary award of enhanced IFCA damages against Philadelphia that "increase the total award of damages to an amount not to exceed three times the actual damage."

10.6     <u>Other Relief</u>.  For such other and further relief as the Court deems just and equitable.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES - 8

STEIN, SUDWEEKS & STEIN, PLLC
2701 First Ave., Suite 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

## XI. DEMAND FOR JURY TRIAL

11.1     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

Dated the 8th day of July, 2021.

**STEIN, SUDWEEKS & STEIN, PLLC**

/s/ *Daniel J. Stein*
/s/ *Justin D. Sudweeks*
/s/ *Jerry H. Stein*
/s/ *Dylan P. Hannafious*
Daniel J. Stein, WSBA #48739
Justin D. Sudweeks, WSBA #28755
Jerry H. Stein, WSBA #27721
Dylan P. Hannafious, WSBA #57355
2701 First Avenue, Suite 430
Seattle, WA 98121
Email: dstein@condodefects.com
Email: justin@condodefects.com
Email: jstein@condodefects.com
Email: dylan@condodefects.com
Telephone: (206) 388-0660
Facsimile: (206) 286-2660

***Attorneys for Plaintiff***

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, INSURANCE FAIR CONDUCT ACT VIOLATIONS, AND DAMAGES - 9

STEIN, SUDWEEKS & STEIN, PLLC
2701 First Ave., Suite 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660